IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN ZAVALA,<br>Plaintiff,<br><br>v.<br><br>TEXAS LEHIGH CEMENT COMPANY,<br>LP, LEHIGH HANSON, INC., and EAGLE<br>MATERIALS, NC.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:21-CV-00082-RP |

**JOINT CONFERENCE AND
ALTERNATIVE DISPUTE RESOLUTION REPORT**

Counsel for the Parties to this action conferred on March 9, 2021, in accordance with Federal Rule of Civil Procedure 26(f). The Parties now submit the following Joint Conference Report and Alternative Dispute Resolution Report.

1. Rule 26(f) Conference: The Parties met in a teleconference on March 9, 2021 to discuss all matters pertaining to Fed. R. Civ. P. 26(f). In the conference, Plaintiff John Zavala was represented by Ryan Estes, Defendants Texas Lehigh Cement Company, LP ("Texas Lehigh") and Eagle Materials, Inc. ("Eagle Materials") (collectively "Defendants") were represented by Sherrard (Butch) Hayes and John T. Runde, and Defendant Lehigh Hanson, Inc. ("Lehigh Hanson" or "Defendant") was represented by Mark S. Scudder, James H. Birch, and Eric Carlson.

2. Nature and Basis of Claims and Defenses: Plaintiff has brought this suit alleging one cause of action in the Travis County District Court: (1) Discrimination on the Basis of Disability in Violation of the Texas Labor Code § 21.001 *et seq*. and Americans with Disabilities Act as Amended ("ADAAA"). On January 27, 2021 Defendants Texas Lehigh Cement Company, LP and Eagle Materials, Inc. filed for Removal to this Court. Defendants Texas

Lehigh and Eagle Materials answered the lawsuit on January 27, 2021 wherein Defendants Texas Lehigh and Eagle Materials both denied the substance of Plaintiff's discrimination allegations and asserted several affirmative defenses against Plaintiff's claims. Defendant Eagle Materials asserted that it is not and has never been the general partner of Texas Lehigh Cement Company, LP, is not a general partner of any Defendant and never employed the Plaintiff, and as a result is not liable in the capacity in which it has been sued and there is a defect in parties. Defendant Lehigh Hanson answered the lawsuit on January 27, 2021 wherein Defendant Lehigh Hanson denied the substance of Plaintiff's discrimination allegations and asserted several additional defenses against Plaintiff's claims.

3. <u>Possibility of Prompt Settlement</u>: The Parties agree to discuss potential resolution after they exchange additional information, including initial disclosures and discovery.

4. <u>Proposed Scheduling Order</u>: The Parties conferred and agreed upon a Proposed Scheduling Order which shall be filed under separate cover on the form designated by this Court.

5. <u>Rule 26(f) Discovery Plan</u>: The Parties conferred and agreed upon all Federal Rule 26(f) matters and their collective positions are as follows:

   a. 26(f)(3)(A): No Party requested changes in the form or requirement for disclosures under Rule 26(a)(1). The Parties agreed that the Rule 26(a)(1) disclosures will be made by April 8, 2021.

   b. 26(f)(3)(B): The Parties discussed the scope of discovery to include all matters arising out of the allegations made by Plaintiff in his Complaint and all damages and defenses. No Party requested that the discovery shall be conducted in phases or limited to particular issues.

   c. 26(f)(3)(C): The Parties agreed to produce currently known electronic information

      in Bates stamped PDF format, or other format such as single page .TIF if desired, and to confer regarding production of other electronic information if the volume is such that PDF production is impractical, if and when such information is identified. The PDF production shall be logically unitized (*i.e.*, each document in the production should be its own PDF). Additionally, the Parties agree that native-format production may be necessary for certain files, and further agree to produce native-format files pursuant to separate agreement upon specific request and sufficient showing from the other party.

   d. 26(f)(3)(D): The Parties will draft and submit a proposed, stipulated protective order that will be similar in scope and substance to the form Confidentiality and Protective Order for the Western District of Texas (Austin Division).

   e. 26(f)(3)(E): The Parties do not anticipate requesting changes to the limitations on discovery established by the Local Rules or the Federal Rules.

6. <u>26(f)(3)(F): At this time, no Party has requested other orders pursuant to Alternative Dispute Resolution</u>. Pursuant to Local Rule CV-88, the Parties report that settlement or resolution discussions shall commence during discovery. Counsel for each party are responsible for negotiations. Should the action proceed through discovery, the Parties agree that mediation would be appropriate.

Respectfully submitted,

| | |
|---|---|
| */s/Austin Kaplan* | */s/ Sherrard (Butch) Hayes* |
| Austin Kaplan | Sherrard (Butch) Hayes |
| State Bar No. 24072176 | State Bar No. 00784232 |
| akaplan@kaplanlawatx.com | shayes@wshllp.com |
| Matthew "Maff" Caponi | John T. Runde |
| State Bar No. 24120586 | State Bar No. 24093084 |
| mcaponi@kaplanlawatx.com | jrunde@wshllp.com |
| KAPLAN LAW FIRM, PLLC | WEISBART SPRINGER HAYES LLP |
| 406 Sterzing St. | 212 Lavaca Street, Suite 200 |
| Austin, Texas 78704 | Austin, Texas 78701 |
| PH: 512.553.9390 | PH: 512.652.5780 |
| FX: 512.692.2788 | FX: 512.682.2074 |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANTS TEXAS LEHIGH CEMENT CO., LP and EAGLE MATERIALS, INC.** |

*/s/ James H. Birch*
Mark S. Scudder
State Bar No. 17936300
mscudder@qslwm.com
James H. Birch
State Bar No. 00797991
jbirch@qslwm.com
Eric Carlson
State Bar No. 24100076
ecarlson@qslwm.com
QUILLING, SELEANDER, LOWNDS, WINSLETT
  & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
PH: 214.871.2100
FX: 214.871.2111
**ATTORNEYS FOR DEFENDANT LEHIGH HANSON, INC.**