IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN ZAVALA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 1:21-CV-00082-RP |
| | § | |
| TEXAS LEHIGH CEMENT COMPANY, | § | |
| LP, LEHIGH HANSON, INC., and EAGLE | § | |
| MATERIALS, INC., | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST
DEFENDANT TEXAS LEHIGH CEMENT COMPANY, LP**

Plaintiff John Zavala ("Plaintiff"), by and through his counsel, and as for his Motion for Partial Summary Judgment against Defendant Texas Lehigh Cement Company, LP ("Defendant") states as follows:

## I.   INTRODUCTION

Plaintiff John Zavala was an employee of Defendant Texas Lehigh Cement, LP when he was seriously injured in a motorcycle accident. As a result of these injuries, Plaintiff's left leg was amputated. Plaintiff alleges Defendant fired him because of his disabilities even though he could still perform the essential functions of his position with or without reasonable accommodations. Plaintiff brings claims of disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act, as amended (ADAAA) and the Texas Commission on Human Rights Act, Texas Labor Code § 21.001 *et seq*. ("TCHRA").

Case law, legislative history, and the undisputed facts in this matter make clear that Plaintiff's loss of his left leg qualifies as an "actual disability." Additionally, two of Defendant's affirmative defenses are unsupported by any evidence, and Plaintiff exhausted his administrative remedies as a matter of law.

1

Plaintiff moves for partial summary judgment on these specific topics to narrow the issues at trial. (Ex. 1, Proposed Order).

## II. <u>STATEMENT OF FACTS</u>

Defendant hired Plaintiff to work as a Utility Man in June 2012. (Ex. 2, Zavala Dep. 46:24-47:5). Defendant promoted Plaintiff to Utility Leadman in 2013 and to Utility Foreman in 2016. (*Id*. at 81:22-82:9).

On December 4, 2017, Plaintiff was severely injured in a motorcycle accident. (*Id*. at 112:6-20). Plaintiff suffered multiple injuries and had to have an above knee amputation of his left leg. (*Id*. at 113:21-114:4).

The loss of Plaintiff's left leg substantially limited multiple major life activities like walking, standing, sitting, reaching, lifting and bending. (Ex. 3, Zavala Declaration). For example, when Plaintiff is not using his prosthetic or other assistance device, he cannot stand, walk, or run at all. (*Id*. at ¶ 6).

Defendant terminated Plaintiff's employment on December 23, 2019.[1] Plaintiff began a diligent search for subsequent employment. (Ex. 2, 234:20-235:14). Plaintiff utilized his personal network of job contacts and applied to open positions on Indeed. (*Id*.). In February 2020, Plaintiff spoke with Efrain Alfaro or Alfaro Industries about working for his company. (*Id*.). Alfaro wanted to hire Plaintiff, but the COVID-19 pandemic delayed Plaintiff's start of employment until November 2020. (*Id*.).

---

[1] The parties dispute the reasoning for the termination. Plaintiff asserts Defendant failed to reasonably accommodate his limitations and targeted him for termination by no longer allowing his subordinates to perform the infrequently-done task of crawling into a dangerous vessel where Plaintiff's prosthetic slowed his ability to escape in the event of emergency. Defendant contends this disqualified Plaintiff from performing the essential functions of his job and that continuing to allow subordinates to perform this task was not a reasonable accommodation. This will undoubtedly all be addressed in much more detail in Plaintiff's response to Defendants' expected Motions for Summary Judgment.

Plaintiff's job duties were substantially equivalent to his position with Defendant, and his annual compensation was approximately $6,200 less after his final raise. (*Id.* at 194:13-24, 204:4-23).

Plaintiff filed a charge of discrimination with the EEOC on June 19, 2020, which is 179 days from the date of his termination (December 23, 2019). (Ex. 4, EEOC charge). The EEOC's notice of right to sue letter was dated September 29, 2020 and required Plaintiff to file suit within 90 days of receipt of the letter. (Ex. 5, Notice of Right to Sue letter). Plaintiff filed this lawsuit on December 23, 2020, within 90 days of receipt of the letter. (Ex. 6, Original Petition and *Id.*).

In its Original Answer, Defendant asserted the following two affirmative defenses: "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations" and "Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages." (Ex. 7, Defendant's Original Answer).

### III. LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

# IV. <u>ARGUMENT</u>

## A. The Loss Of Plaintiff's Left Leg Is An Actual Disability.

Under the ADAAA, an individual is a "qualified individual" if they (a) have a disability, but (b) can perform the essential functions of their position anyway with or without accommodation.  Plaintiff only moves for summary judgment on the first prong of this claim; factual issues preclude summary judgment on the essential functions question.

Plaintiff can prove he has an actual disability by demonstrating one of the following: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1).  "[A]n impairment is a disability" when it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii).  Furthermore, "a major life activity also includes the operation of a major bodily function, including but not limited to, … walking, standing, sitting, reaching, lifting … bending." 42 U.S.C. § 12102(2)(A).

The term '[s]ubstantially limits' "shall be construed broadly in favor of expensive coverage", "is not meant to be a demanding standard", and whether an impairment substantially limits a major life activity "should not demand extensive analysis."  29 C.F.R. § 1630.2(j)(1)(i) and (iii).  The legislative history of the ADAAA holds "[T]he ADAAA was adopted to specifically address certain impairments that were not receiving the protection that Congress intended— …. amputated and partially amputated limbs…" *Pinckney v. FRB of Dall.*, No. SA-12-CV-00324-DAE, 2013 U.S. Dist. LEXIS 140334, at *14 (W.D. Tex. 2013) *citing to Koller v. Riley Riper Hollin & Colagreco,* 850 F. Supp. 2d 502, 513 (E.D. Pa. 2012) (citing 154 Cong. Rec. H8286 (2008) (statement of Rep. George Miller)).

"The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as-… prosthetics

including limbs… use of assistive technology." 42 U.S.C.S. § 12102(4)(E)(i)(I)-(II). *See Bowman v. Bella Estancias, LLC*, No. 3:17-CV-0091-KC, 2018 U.S. Dist. LEXIS 35678, at *13-14 (W.D. Tex. 2018) (striking the defendant's affirmative defense that the plaintiff with two prosthetic legs did not meet the Fair Housing Act's definition of disability (which is the same as the ADA's definition) because "Congress expressly prohibited the courts from considering the 'ameliorative effects of mitigating measures' in deciding whether an individual's impairment meets the ADA's definition of disability. *See* 42 U.S.C. 12102(4)(E)(i).").

"'An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.' 29 C.F.R. § 1630.2(j)(1)(ii). 'An impairment is a disability' when it 'substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population.' *Id…* 'The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures...' 42 U.S.C. § 12102(4)(E)." *Rodriguez v. Dollar Gen. Corp.*, No. SA-18-CV-00713-JKP, 2020 U.S. Dist. LEXIS 135806, at *9 (W.D. Tex. 2020).

The undisputed facts of Plaintiff's Declaration demonstrate that the loss of his left leg constitutes an actual disability. The legislative history explicitly mentions amputated limbs as a disability that was not receiving protection prior to the enactment of the ADAAA. *Pinckney* 2013 U.S. Dist. LEXIS 140334, at *14. Plaintiff's use of a prosthetic leg is a "mitigating measure" specifically mentioned in the ADAAA and cannot be considered when evaluating whether the amputation constitutes an actual disability. 42 U.S.C.S. § 12102(4)(E)(i)(I)-(II).

As outlined in his Declaration, Plaintiff's ability to engage in the major life activities of walking, standing, sitting, reaching, lifting, and bending are substantially impaired because of the loss of his left leg. (Ex. 3, Zavala Declaration, at ¶¶ 4-11). Without mitigating measures, he cannot stand or walk. (*Id.* at ¶¶ 6, 12.) Plaintiff struggles to maintain the needed balance to perform these activities because he only has one leg. (*Id.* at ¶¶ 4-11.) He falls more easily while performing these activities and experiences more pain because his body weight is only supported by one leg. (*Id.*). For all these reasons, Plaintiff had an actual disability under the ADAAA.

### B. Summary Judgment Is Appropriate For Defendant's Failure To Mitigate Damages And Statute Of Limitation Affirmative Defenses.

Defendant's affirmative defense regarding Plaintiff's mitigation of damages fails because it is Defendant's burden to plead and prove, and it cannot do so. *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972) (*citing Hegler v. Bd. of Educ.*, 447 F.2d 1078, 1081 (8th Cir. 1971) (The defendant "has to show not only that the [plaintiff] failed to use reasonable care and diligence, but that there were jobs available which [plaintiff] could have discovered and for which she was qualified.")

To establish this defense, Defendant must show that Plaintiff failed to use "'reasonable diligence' to obtain 'substantially equivalent' employment." *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 (5th Cir. 1996), cert. denied, 117 S.Ct. 767 (1997) (*citing Ford Motor Co. v. EEOC*, 458 U.S. 219, 232 (1982)). Defendant must prove there existed "[s]ubstantially equivalent employment," defined as "'employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which the [plaintiff was] discriminatorily terminated.'" *Id.* (*quoting Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir.), *cert. denied*, 498 U.S. 987 (1990)). Defendant must also prove that there were substantially equivalent jobs available to Plaintiff to which he did not apply.

*Sparks*, 460 F.2d at 443 ("[T]he [defendant] do not claim that at trial it was proved that there were teaching jobs available for which [the plaintiff] would have qualified had he applied.  It merely asserts that [the plaintiff] did not expend sufficient effort to find other teaching employment. [This] position is without legal justification."); *Mallek v. City of San Benito*, 121 F.3d 993, 997 (5th Cir. 1997) (discussing the burden of defendant to show employment offer was substantially equivalent to the plaintiff's initial contract with the City).

First, this affirmative defense fails as a matter of law because Defendant cannot provide any evidence that Plaintiff rejected any employment which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which Plaintiff was terminated.

Second, the affirmative defense fails because Defendant cannot show that there were substantially equivalent jobs available to Plaintiff to which he did not apply. Defendant has presented no evidence on this element of its affirmative defense.

Third, the affirmative defense fails because Defendant cannot show Plaintiff failed to use reasonable diligence in his job search.  Courts have found that an employer fails to meet its burden of proving the lack of reasonable effort when the plaintiff testified that he contacted several employment websites (such as Indeed.com), registered with a local job line, sent out resumés, interviewed with employers, and registered with temporary staffing services.  *Miles-Hickman v. David Powers Homes, Inc*., 613 F. Supp. 2d 872, 887-89 (S.D. Tex. 2009); *see also Dibler v. Metwest, Inc.*, No. 3:95-CV-1046, 1997 WL 222910, at *2 (N.D. Tex. April 29, 1997) (plaintiff used reasonable diligence in her job search where she called colleagues, attended a seminar, sent resumés, networked, and answered want ads).

Plaintiff performed a diligent search for subsequent employment. He applied to positions on Indeed but ultimately, it was his personal networking that secured him a position just a few months after Defendant's termination. (Ex. 2, 234:20-235:14). If not for the COVID-19 pandemic, Plaintiff would have been able to begin working for Alfaro's before November 2020. (*Id*.). Because Defendant cannot meet its evidentiary burden for this defense, summary judgment should be granted for Plaintiff.

Defendant's affirmative defense asserting Plaintiff's claims are barred because by statute of limitations fails because Plaintiff satisfied the relevant statute of limitations. Plaintiff filed a charge of discrimination with the EEOC on June 19, 2020, which is 179 days from the date of his termination. (Ex. 4). Therefore, Plaintiff filed his charge within the statute of limitation for his Texas state law claims and for his federal claims. TEX. LABOR CODE § §21.201(g) and 42 U.S.C. § 2000e-5(e)(1). The EEOC's notice of right to sue letter was dated September 29, 2020 and stated that it required him to file suit within 90 days of receipt of the letter. (Ex. 5). Plaintiff filed this lawsuit on December 23, 2020, within 90 days of receipt of the letter. (Ex. 6).

### C. Plaintiff Exhausted All Required Administrative Remedies.

As discussed above, Plaintiff exhausted all the required administrative remedies in this matter by timely filing a charge of discrimination with the Texas Workforce Commissions and EEOC and timely filing this lawsuit. Plaintiff filed a charge of discrimination 179 days from the date of his termination. (Ex. 4). Therefore, Plaintiff filed his charge within the statute of limitation for his Texas state law claims and for his federal claims. TEX. LABOR CODE § §21.201(g) and 42 U.S.C. § 2000e-5(e)(1). The EEOC's notice of right to sue letter was dated September 29, 2020 and stated that it required him to file suit within 90 days of receipt of the letter. (Ex. 5). Plaintiff filed this lawsuit on December 23, 2020 within 90 days of receipt of the letter. (Ex. 6).

Because Plaintiff's exhausted all the required administrative remedies, summary judgment should be granted in his favor on this issue.

## V. <u>CONCLUSION</u>

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Partial Summary Judgment and grant any additional relief that is necessary or proper.

Respectfully Submitted,

**KAPLAN LAW FIRM, PLLC**
3901 S Lamar Blvd., Ste. 260
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By:  _/s/ Ryan O. Estes_____

**Ryan O. Estes**
State Bar No. 24120586
restes@kaplanlawatx.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2022, I served a true and correct copy of the above and foregoing to all counsel of record as follows:

*Via CM/ECF:*

Sherrard (Butch) Hayes
State Bar No. 00784232
shayes@wshllp.com
John T. Runde
State Bar No. 24093084
jrunde@wshllp.com
WEISBART SPRINGER HAYES LLP
**ATTORNEYS FOR DEFENDANTS**
**TEXAS LEHIGH CEMENT CO., LP**
**and EAGLE MATERIALS, INC.**

Mark S. Skudder
State Bar No. 17936300
mskudder@qslwm.com
James H. Birch
State Bar No. 00797991
jbirch@qslwm.com
Eric Carlson
State Bar No. 24100076
ecarlson@qslwm.com
QUILLING, SELEANDER, LOWNDS, WINSLETT
 & MOSER, P.C.
**ATTORNEYS FOR DEFENDANT**
**LEHIGH HANSON, INC.**

_____
Austin Kaplan